IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALVIN PRINCE JONES, | § | |
| Petitioner/Movant, | § § § | |
| V. | § § | CRIMINAL ACTION NO. H-97-038 |
| UNITED STATES OF AMERICA, | § § | CIVIL ACTION NO. H-06-2599 |
| Respondent. | § § | |

**ORDER ADOPTING RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pending is Petitioner Alvin Prince Jones's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 142), and the United States' Response in Opposition (Document No. 146). The Court has received from the Magistrate Judge a Memorandum and Recommendation recommending that the Petitioner's § 2255 Motion be DENIED, and that this § 2255 proceeding be DISMISSED with prejudice. No objections have been filed to the Memorandum and Recommendation. The Court, after having made a *de novo* determination of Jones's § 2255 Motion to Vacate, Set Aside or Correct Sentence, and the Magistrate Judge's Memorandum and Recommendation, is of the opinion that the findings and recommendations of the Magistrate Judge are correct and should be and hereby are accepted by the Court in their entirety. Therefore,

It is ORDERED and ADJUDGED for the reasons set forth in the Memorandum and Recommendation of the United States Magistrate Judge

1

signed and entered on September 29, 2006, which is adopted in its entirety as the opinion of the Court, that Petitioner/Movant Alvin Prince Jones's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 142) is DENIED. It is further

ORDERED that a certificate of appealability is DENIED. A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 120 S. Ct. 1595, 1603-1604 (2000) (internal quotations and citations omitted). Stated differently, where the claims have been dismissed on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 1604; Beasley v. Johnson, 242 F.3d 248, 263 (5th Cir.), cert. denied, 122 S.Ct. 329 (2001). When the claims have been dismissed on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604. A

2

correct in its procedural ruling." Slack, 120 S. Ct. at 1604. A district court may deny a certificate of appealability *sua sponte*, without requiring further briefing or argument. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

For the reasons set forth in the Memorandum and Recommendation, which has been adopted as the opinion of the Court, the Court determines that Movant has not made a substantial showing of the denial of a constitutional right. Thus, a certificate of appealability is DENIED.

The Clerk will enter this Order and send copies to all parties of record.

Signed at Houston, Texas this 28TH day of November, 2006.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

3